**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ANTHONY NEISWONGER, )
      Plaintiff )    C.A. No. 16-48 Erie
)
v )
)    Magistrate Judge Baxter
CRAIG MONTGOMERY, et al., )
      Defendants )

# MEMORANDUM OPINION[1]

United States Magistrate Judge Susan Paradise Baxter

## I.    INTRODUCTION

### A.    Relevant Procedural History

On February 29, 2016, Plaintiff Anthony Neiswonger, an adult individual formerly incarcerated at the Erie County Prison in Erie, Pennsylvania ("ECP"),[2] initiated this civil rights action by filing a complaint pursuant to 42 U.S.C. § 1983. Named as Defendants are: Craig Montgomery, a parole agent employed by Erie County, Pennsylvania ("Montgomery"); Wexford Health Sources, Inc., a medical provider under contract to provide medical services at ECP ("Wexford"); and Gary Peterson, D.O., a medical doctor and agent of Wexford who performed medical services for inmates at ECP ("Peterson").

Plaintiff's complaint contains five counts: Count I is an Eighth Amendment claim of deliberate indifference to serious medical needs asserted against Defendant Montgomery; Count

---

[1] All parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 27, 28, 29, 30].

1

II is a Fourteenth Amendment claim of state created danger asserted against Defendant Montgomery; Count III is a pendent state law claim of negligence asserted against Defendant Montgomery; Count IV is an Eighth Amendment claim of deliberate indifference to serious medical needs asserted against Defendant Peterson; and Count V is a pendent state law medical negligence claim asserted against Defendant Peterson. Although no count is specified against Defendant Wexford, it is apparent that the last two counts are also vicariously asserted against Defendant Wexford as Defendant Peterson's alleged employer. As relief for his claims, Plaintiff seeks monetary damages.

On April 28, 2016, Defendant Montgomery filed an answer to Plaintiff's complaint. Conversely, on May 3, 2016, Defendants Wexford and Peterson filed separate motions to dismiss [ECF No. 17 and 19, respectively]. Defendant Wexford argues that it cannot be held vicariously liable under Section 1983 for Plaintiff's Eighth Amendment claim against Defendant Peterson, and cannot be held vicariously liable for Plaintiff's medical negligence claim against Defendant Peterson because Defendant Peterson was an independent contractor, not an employee. Defendant Peterson seeks dismissal of Plaintiff's Eighth Amendment claim against him, arguing that it fails to state a cause of action upon which relief may be granted and Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"); and seeking dismissal of Plaintiff's medical negligence claim, arguing that it is too vague and ambiguous and that Defendant Peterson is immune from such claim under the Pennsylvania Political Subdivision Tort Claims Act. Defendant Peterson also seeks to dismiss Plaintiff's claims for punitive damages.

Plaintiff has since filed a brief in opposition to each of Defendants' motions. [ECF Nos. 23, 25]. Of particular note, Plaintiff has conceded that his Eighth Amendment claim against Defendant Wexford based on vicarious liability should be dismissed (ECF No. 25 at p. 4), but argues that all other claims against Defendants Peterson and Wexford should remain. This matter is now ripe for consideration.

**B.      Standard of Review**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the

---

Plaintiff was released from ECP on April 16, 2015, and currently resides in Erie, Pennsylvania.

speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### C. Discussion

#### 1. Eighth Amendment Claim v. Defendant Peterson

##### a. Exhaustion of Administrative Remedies

Defendant Peterson argues that the claims against him should be dismissed for Plaintiff's

4

failure to comply with the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), which provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

However, it is widely recognized that "'[i]t is the plaintiff's status at the time he files suit that determines whether §1997e(a)'s exhaustion provision applies.'" Blades v. Brushaw, 2011 WL 5509413, at *3 (W.D.Pa. Nov. 10, 2011), quoting Norton v. City of Marietta, 432 F.3d 1145, 1150 (10th Cir. 2005). Specifically, the Third Circuit Court has "expressly adopt[ed]" the generally held view that a prisoner released from custody prior to the date his lawsuit is filed is not subject to the provisions of the PLRA. Ahmed v. Dragovich, 297 F.3d 201, 210 n. 10 (3d Cir. 2002). In this case, Plaintiff was released from ECP on April 16, 2015 (ECF No. 1, Complaint, at ¶ 40), well before he filed the instant lawsuit on February 29, 2016. As a result, the PLRA's exhaustion provisions are not applicable here.

### b. Sufficiency of Allegations

Alternatively, Defendant Peterson argues that Plaintiff's allegations are insufficient to state a cognizable claim of deliberate indifference to a serious medical need.

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). "In order to establish a violation of [the] constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or

5

omissions by prison officials that indicate deliberate indifference to that need." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need[3] involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

Mere misdiagnosis or negligent treatment is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67 (citations omitted). Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979), quoting Bowring v. Goodwin, 551 F.2d 44, 48 (4th Cir. 1977). Furthermore, deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D.Pa. Oct. 13, 2000) ("courts have consistently rejected Eighth Amendment claims where an inmate has received

---

[3] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

some level of medical care").

Here, there is no dispute that Plaintiff has sufficiently alleged a serious medical need. Thus, the only question is whether Plaintiff has sufficiently alleged deliberate indifference to his medical needs. In this regard, Plaintiff has alleged that during his three month incarceration at ECP, he repeatedly requested and failed to receive his previously prescribed cast and brace, which were removed and taken from him before he arrived at ECP. He alleges further than Defendant Peterson had no legal or medical reason to ignore Plaintiff's requests. (ECF No. 1, Complaint, at ¶¶ 70-72). These allegations are minimally sufficient to state a claim of deliberate indifference at this early stage of the proceeding.

Nonetheless, Defendant Peterson has attempted to demonstrate Plaintiff's inability to establish Defendant Peterson's deliberate indifference by submitting with his motion to dismiss two exhibits, consisting of the Intake Medical History and Screening form ("Intake form") that was completed upon Plaintiff's arrival at ECP [ECF No. 21-1], and chart notes that were completed by nurses at ECP detailing Plaintiff's medical treatment and activities [ECF No. 21-2]. Because these documents are outside the pleadings, Rule 12(d) of the Federal Rules of Civil Procedure requires the Court to treat Defendant Peterson's motion as one for summary judgment under Rule 56. Even so, the Court finds that the evidence presented by Defendant Peterson is insufficient to eliminate all genuine issues of material fact as to Plaintiff's claim. In particular, although the Intake form does not contain any information that Plaintiff needed any medical devices, such as a cast or brace, the form does note that Plaintiff had recent micro surgery on his left pinkie, and there is no dispute that Plaintiff subsequently requested the return of his cast and brace that were removed from him prior to his arrival at ECP. It is Defendant Peterson's alleged

7

indifference to Plaintiff's subsequent requests that form the basis of Plaintiff's claim. As for the chart notes, they merely contain entries by nurses who summarized Plaintiff's medical treatment; thus, they do not definitively establish Defendant Peterson's actions or inactions in the same way as Defendant Peterson's own medical records and/or affidavit would. Thus, Defendant Peterson's motion to dismiss Plaintiff's Eighth Amendment claim, which is hereby treated as a motion for summary judgment under Rule 56, will be denied.

### 2. Medical Negligence Claim v. Defendant Peterson

#### a. Sufficiency of Allegations

Defendant Peterson argues that Plaintiff's medical negligence claim is vague, ambiguous, and indefinite because Plaintiff fails to identify what alleged "care and treatment" Defendant Peterson should have rendered, but did not. This argument is unpersuasive. Not only does Plaintiff specifically allege that Defendant Peterson ignored his "repeated request to provide his properly prescribed cast and brace," having "no legal or medical reason" to do so, the negligence claim incorporates by reference all other allegations of the complaint, which have already been found minimally sufficient to establish deliberate indifference, which carries a higher standard of proof. See Farmer v. Brennan, 511 U.S. 825, 835 (1994) (noting that deliberate indifference "describes a state of mind more blameworthy than negligence"). Thus, Defendant Peterson's motion to dismiss Plaintiff's medical negligence as vague and ambiguous will be denied.

#### b. Pennsylvania Political Subdivision Tort Claims Act

Alternatively, Defendant Peterson contends that he is immune from Plaintiff's medical negligence claim under the Pennsylvania Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa.C.S. § 8501, *et seq.*, which "provides a general grant of immunity from tort liability as to local

agencies and their employees and agents acting within the scope of their duties, subject only to certain enumerated exceptions." Hayes v. Erie Cnty. Office of Children & Youth, 497 F.Supp.2d 684, 704-05 (W.D.Pa. 2007). In particular, Section 8542(b) of the PSTCA states, "An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee, which are within the scope of his office or duties only to the same extent as his employing agency and subject to the limitations imposed by this subchapter." 42 Pa.C.S.A. § 8542(b). Under the PSTCA, an "employee" is defined as:

> Any person who is acting or who has acted on behalf of a government unit whether on a permanent or temporary basis, whether compensated or not, and whether within or without the territorial boundaries of the government unit, including any volunteer fireman and any elected or appointed officer, member of a governing body or any other person designated to act for the government unit. Independent contractors under contract to the government unit and their employees and agents and persons performing tasks over which the government unit has no legal right of control are not employees of the government unit.

42 Pa.C.S. § 8501. Here, Plaintiff alleges that Defendant Peterson was an employee of Defendant Wexford, which, in turn, was an independent contractor under contract with Erie County to provide medical services to inmates at ECP. (ECF No. 1, Complaint, at ¶¶ 5-6). As such, Plaintiff argues that Defendant Peterson cannot be considered an employee of Erie County entitled to immunity under the PSTCA. Defendant Peterson counters that, by virtue of his position as a prison doctor, he is deemed to be an agent or employee of Erie County for purposes of the PSTCA, citing Walls v. Hazelton State Gen. Hosp., 629 A.2d 232 (Pa.Commw.Ct. 1983) (holding that a prison doctor, though not a traditional employee, may still qualify as an employee for immunity purposes if he acts "on behalf of the government unit whether on a temporary or

permanent basis"). However, the Commonwealth Court's holding in Walls does not establish a hard and fast rule that is to be followed in every case.

Instead, to determine whether an employer-employee relationship or an independent-contractor relationship exists, the Court must analyze several factors, including: (i) who controls the manner of work to be performed; (ii) the responsibility for the result; (iii) the terms of agreement between the parties; (iv) the nature of the work or occupation; (v) the skill required for the performance; (vi) whether one is engaged in a distinct occupation or business; (vii) which party supplies the tools; (viii) whether payment is by the time or by the job; (ix) whether the work is part of the regular business of the employer; and (x) whether there is a right to terminate the employment at any time. Murzynski v. Erie County, 2016 WL 5872430 at *5 (Oct. 7, 2016), citing In re Estate of Francis v. Northumberland Cnty., 636 F. Supp. 2d 368, 389-90 (M.D. Pa. 2009). The Court finds it premature to engage in this fact-bound inquiry at the pleading stage, and, thus, Defendant Peterson's motion to dismiss Plaintiff's medical negligence claim will be denied.

### 3. Medical Negligence Claim v. Defendant Wexford

It is well settled that an employer may be held "'vicariously liable for the negligent acts of his employee which cause injuries to a third party, provided that such acts were committed during the course of and within the scope of employment.'" Murzynski at *5, quoting Scampone v. Grane Healthcare Co., 11 A.3d 967, 991 (Pa. Super. Ct. 2010). Plaintiff alleges that Defendant Peterson was employed by Defendant Wexford to provide medical services to inmates at ECP and, thus, may be held vicariously liable for any injuries negligently caused by Defendant Peterson. (ECF No. 1, Complaint, at ¶¶ 3, 7).

Defendant Wexford counters that it cannot be held vicariously liable because Defendant Peterson was an independent contractor, not its employee. Defendant Wexford's contention is based upon the terms of a "Letter of Agreement" between Defendant Wexford and Medical Associates of Erie, a copy of which is attached to Defendant Wexford's brief. Although Defendant Wexford acknowledges that this document "does not purport to set forth within its terms, the legal relationship of the parties *vis a vis* one another…[,] the various terms of the contract and the relationship of the parties as set forth within it demonstrates that Wexford and Dr. Peterson are not in an employer-employee relationship, but that of a principal and independent contractor." (ECF No. 18, Defendant Wexford's Brief, at p. 7). Even if true, however, the terms of agreement between the parties is only one of several factors to be considered by the Court in determining whether an employer-employee relationship or an independent-contractor relationship exists. See Murzynski, at *5. The remaining factors are yet to be developed in discovery and are not ripe for determination at this early stage. Consequently, Defendant Wexford's motion to dismiss Plaintiff's medical negligence claim against it will be denied.

### 4. Punitive Damages

The last matter to be considered is Defendant Peterson's motion to dismiss Plaintiff's claim for punitive damages. In particular, Defendant Peterson contends that "Plaintiff's Complaint pleads no operative facts that could reasonably support claims that Dr. Peterson acted with any wanton disregard or deliberate indifference" sufficient to warrant an award of punitive damages. (ECF No. 20, Defendant Peterson's Brief, at p. 9). The Court disagrees. As noted earlier, Plaintiff has alleged that Defendant Peterson ignored his "repeated request to provide his

properly prescribed cast and brace," having "no legal or medical reason" to do so. If these allegations are proved at trial, a factfinder could reasonably conclude that such actions and/or inactions were sufficiently malicious, wanton, and willful to support an award of punitive damages. In any case, it is premature at this early stage to decide whether Plaintiff will be able to support a claim of punitive damages. Thus, Defendant Peterson's motion to dismiss Plaintiff's claim for punitive damages will be denied.

       An appropriate Order follows.

/s/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
United States Magistrate Judge

Dated: December 20, 2016